UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

NATHAN L. STILTNER,
    Plaintiff,

vs

MARTY V. DONINI, et al.,
    Defendants.

Case No. 1:19-cv-150

Black, J.
Bowman, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, incarcerated at the Scioto County Corrections Center (SCCC), has filed a pro se civil rights complaint, which this Court construes as filed under 42 U.S.C. § 1983,[1] against defendants Scioto County Sheriff Marty V. Donini and Scioto County Commissioners Cathy Coleman, Mike Crabtree, and Bryan Davis, alleging that defendants violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution. (Doc. 1-1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis.*

This matter is before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**I.    Screening of Complaint**

    **A.    Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

---

[1] *See Jordan v. Moore*, No. 99-3489, 2000 WL 145368, at *1 (6th Cir. Feb. 2, 2000) (noting that "the district court properly construed the complaint as filed under 42 U.S.C. § 1983 as this circuit does not recognize direct constitutional claims against local officials and municipalities"). *See also Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989).

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to

state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

    **B.**    **Plaintiff's Complaint**

Plaintiff divides his complaint into three claims. In the first claim, plaintiff asserts that defendants failed to protect him and other inmates from being attacked inside SCCC. (Doc. 1-1, at PageID 23). Specifically, plaintiff alleges that on September 4, 2018, he was attacked by three other inmates, resulting in injuries to plaintiff's face and teeth. (Doc. 1-1, at PageID 23, 25). He also asserts that defendants should have allowed him to press charges against the inmates who allegedly attacked him. (Doc. 1-1, at PageID 21). In the second claim, plaintiff asserts that defendants failed to provide him proper medical care following the alleged attack. (Doc. 1-1, at PageID 25, 27). In the third claim, plaintiff asserts that defendants failed to enforce the laws of the State of Ohio. (Doc. 1-1, at PageID 29). Plaintiff also alleges that he

filed grievances but did not receive responses to his grievances. (Doc. 1-1, at PageID 27, 31).

For relief, plaintiff seeks monetary damages and injunctive relief. (*See* Doc. 1-1 at PageID 33, 35, 37).

**C.  Analysis**

Liberally construed, without the benefit of briefing by the parties, the complaint is deserving of further development and may proceed at this juncture against defendants Donini, Coleman, Crabtree, and Davis to the extent that plaintiff asserts that the alleged violations of his federal constitutional rights occurred as a result of SCCC policies, customs or practices. *See* 28 U.S.C. § 1915(e)(2)(B) & 1915A(b). However, the complaint should otherwise be dismissed for failure to state a claim.

First, although plaintiff may proceed at this juncture to the extent that he asserts that the alleged violations of his federal constitutional rights occurred as a result of SCCC policies, customs or practices, such claims are official-capacity claims and are the equivalent of claims against Scioto County, Ohio. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *Kentucky v. Graham*, 473 U.S. 159 (1985); *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978). Plaintiff has failed to state a claim against any of the defendants in an individual capacity, however, because plaintiff has failed to allege facts showing that the defendants were personally present or had any involvement in the alleged incidents. "A supervisory employee cannot be held liable under § 1983 for the constitutional torts of those he supervises unless it is shown 'that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).

Next, to the extent that plaintiff is attempting to bring claims on behalf of other SCCC

inmates, he cannot do so. A party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Eagle Assoc. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). Plaintiff does not claim to be an attorney and thus cannot represent other inmates in court. Any claims brought by plaintiff on behalf of other inmates should be dismissed.

Moreover, to the extent that plaintiff intends to assert a claim based on his allegations that his grievances have gone unanswered, his allegations do not state a constitutional claim because there is no inherent constitutional right to an effective prison grievance procedure. *See Walker v. Mich. Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003).

Finally, plaintiff cannot bring a claim against defendants for failure to prosecute the inmates who allegedly beat plaintiff. "[C]ourts have generally declined to recognize standing on the part of victims of crimes to bring a § 1983 action based upon the lack of prosecution of others." *Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992) (citing cases). Therefore, plaintiff's claims that the defendants should have allowed him to bring charges against the inmates who allegedly beat him should also be dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's official-capacity claims against defendants Donini, Coleman, Crabtree, and Davis based on plaintiff's allegations that his constitutional rights were violated as a result of SCCC policies, customs or practices.

**IT IS THEREFORE ORDERED THAT:**

1. The United States Marshal shall serve a copy of the complaint (Doc. 1-1), summons, the separate Order issued granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Donini, Coleman, Crabtree, and Davis.

5

2. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

NATHAN L. STILTNER,  
    Plaintiff,

vs

MARTY V. DONINI, et al.,  
    Defendants.

Case No. 1:19-cv-150

Black, J.  
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).