# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| NATHAN L. STILTNER, | : | Case No. 1:19-cv-150 |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Stephanie K. Bowman |
| vs. | : | |
| MARTY V. DONINI, *et al.*, | : | |
| Defendants. | : | |

## DECISION AND ENTRY
## ADOPTING THE REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 4)

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on April 1, 2019, submitted a Report and Recommendation. (Doc. 4). Plaintiff filed objections on April 10, 2019. (Doc. 6).

Plaintiff's objections lack merit as he primarily argues that he did in fact state a claim upon which relief may be granted. Plaintiff's objections do not identify any cognizable error in the Report and Recommendation.

Plaintiff's complaint, alleging violations of the Eighth and Fourteenth Amendments to the United States Constitution, is divided into three claims: (1) Plaintiff asserts that Defendants Scioto County Sherriff Marty V. Donini and Scioto County Commissioners Cathy Coleman, Mike Crabtree, and Bryan Davis failed to protect him and other inmates from being attacked inside Scioto County Corrections Center

("SCCC") and that Defendants should have allowed Plaintiff to press charges against the inmates who attacked him; (2) Plaintiff asserts that Defendants failed to provide him proper medical care following the alleged attack; and (3) Plaintiff asserts that Defendants failed to enforce the laws of Ohio and that he filed grievances but did not receive responses to the grievances.

First, the Report and Recommendation found that Plaintiff could not assert claims against Defendants Donini, Coleman, Crabtree, and Davis in their individual capacity because he did not allege facts showing that the individuals were present or had any involvement in the alleged incidents. Second, the Report and Recommendation found that Plaintiff cannot being claims on behalf of other SCCC inmates. Third, the Report and Recommendation found that Plaintiff's allegations regarding the grievance procedures did not state a constitutional claim. Fourth, the Report and Recommendation found that Plaintiff cannot bring a claim against Defendants for failure to prosecute the inmates who allegedly beat Plaintiff. (Doc. 4 at 4–5). Yet the Report and Recommendation concluded that Plaintiff could bring claims against Defendants in their official capacity on his allegations that his constitutional rights were violated as a result of SCCC policies, customs, or practices. The Court agrees with the Magistrate Judge's analysis and recommendation.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does

("SCCC") and that Defendants should have allowed Plaintiff to press charges against the inmates who attacked him; (2) Plaintiff asserts that Defendants failed to provide him proper medical care following the alleged attack; and (3) Plaintiff asserts that Defendants failed to enforce the laws of Ohio and that he filed grievances but did not receive responses to the grievances.

First, the Report and Recommendation found that Plaintiff could not assert claims against Defendants Donini, Coleman, Crabtree, and Davis in their individual capacity because he did not allege facts showing that the individuals were present or had any involvement in the alleged incidents. Second, the Report and Recommendation found that Plaintiff cannot being claims on behalf of other SCCC inmates. Third, the Report and Recommendation found that Plaintiff's allegations regarding the grievance procedures did not state a constitutional claim. Fourth, the Report and Recommendation found that Plaintiff cannot bring a claim against Defendants for failure to prosecute the inmates who allegedly beat Plaintiff. (Doc. 4 at 4–5). Yet the Report and Recommendation concluded that Plaintiff could bring claims against Defendants in their official capacity on his allegations that his constitutional rights were violated as a result of SCCC policies, customs, or practices. The Court agrees with the Magistrate Judge's analysis and recommendation.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does

determine that the Report and Recommendation (Doc. 4) should be and is hereby **ADOPTED** in its entirety.

Accordingly, for the reasons stated above:

1) Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the complaint (Doc. 1-1) is **DISMISSED with prejudice**, **with the exception of** Plaintiff's official-capacity claims against Defendants Donini, Coleman, Crabtree, and Davis based on Plaintiff's allegations that his constitutional rights were violated as a result of SCCC policies, customs, or practices.

**IT IS SO ORDERED.**

Date: 4/26/19

Timothy S. Black
United States District Judge